IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| FRANCIS VISSAGE | § | |
| | § | |
| V. | § | No.  5:07CV118 |
| | § | |
| THE CITY OF RENO AND JESS | § | |
| WILSON | § | |

## ORDER

Before the Court is Defendants' Motion to Dismiss (Docket Entry # 7).[1]  The Court, having reviewed the motion, the response, and the reply, is of the opinion the motion should be **DENIED WITHOUT PREJUDICE TO REFILING**.

### I.  BACKGROUND

Francis Vissage ("Plaintiff") initiated this lawsuit against the City of Reno ("the City") and Chief Jess Wilson ("Wilson")(collectively, "Defendants") pursuant to 42 U.S.C. § 1983.  Plaintiff alleges she was unlawfully arrested for a debt owed to the City, a water bill, in violation of her due process rights under the United States and Texas Constitutions.  Plaintiff also asserts that she was falsely imprisoned.

Specifically, the complaint alleges as follows. In December of 2005, Plaintiff moved to the City of Reno and opened an account for water.  At the time, she put down a $100.00 deposit.  When her first bill for water came, Plaintiff paid it.  Around mid-February 2006, Plaintiff moved out of the City.  She called the City to find out how much she owed and was informed that it was less than the $100.00 balance of her deposit.  Plaintiff gave the City a forwarding address, and they said they would mail her a final bill.  The City also informed Plaintiff that if the final bill was less than the

---

[1] On October 17, 2007, the above-entitled and numbered cause of action was referred to the undersigned in accordance with 28 U.S.C. § 636(c) and the consent of the parties.

deposit, the City would mail her the balance. Plaintiff never heard anything else from the City about her deposit.

Unknown to Plaintiff, the City had a policy and a procedure to prosecute individuals who had unpaid water bills. According to the procedure, the administrator at the Water Department forwarded to the City Attorney of Reno unpaid water bills. The City Attorney then filed complaints with Lamar County to have the individuals prosecuted for theft of services, a criminal offense. In May of 2006, the reporting officer noticed the police department that Plaintiff allegedly had an outstanding water bill of $74.62. The incident report noted that "the Administrator advised that the listed outstanding balance is due to an unpaid service account for water. Attempts to contact has been unsuccessful [sic]. Case will be forwarded to the City Attorney for prosecution."

On May 12, 2006, City of Reno Police Officer Jeff W. Sugg filled out an affidavit charging Plaintiff with Theft of Services under Article 31.04 of the Texas Penal Code. On May 30, 2006, the Chief of Police, Defendant Wilson, swore out a complaint charging Plaintiff with theft of service and securing a warrant for her arrest. In October of 2006, Plaintiff was attempting to secure employment at Dollar General in McKinney, Texas. At that time, she was refused employment because Dollar General found an outstanding warrant for her arrest for Theft of Service in Lamar County. For this reason only, Plaintiff returned to Lamar County to determine why there would be a warrant for her arrest.

At 8:30 a.m. on October 26, Plaintiff was arrested and placed in jail because she had outstanding debt to the City. Later in the day, Plaintiff was arraigned and her bond was set at $1000.00. In the afternoon of October 26, Plaintiff posted bond and was released. Plaintiff asserts

2

the entire process was "humiliating, terrifying and expensive."[2]

Plaintiff alleges Defendants acted under color of state law when they arranged for the unlawful arrest, detention, and jailing of Plaintiff. Plaintiff further alleges Defendants' conduct deprived Plaintiff of the rights and privileges secured by the Constitution of the United States. Specifically, Plaintiff alleges she was deprived of the right to liberty and due process of law in violation of the Fourteenth Amendment and § 1983 of the Civil Rights Act.

## II.  DEFENDANTS' MOTION

In their present motion, Defendants move for dismissal of Plaintiffs' claims pursuant to FED. R. CIV. P. 12(b)(6). Specifically, Defendants assert Plaintiff fails to state facts showing that some policy, custom, or practice of the City was the cause of the violation of her rights. According to Defendants, Plaintiff's allegations that the City prosecutes people who steal water service does not state a claim of a constitutional violation as Texas law provides that theft of a public service is a crime.

Defendants further assert Plaintiff fails to state a claim against Wilson. To the extent Plaintiff is alleging a cause of action for false imprisonment against Wilson in his official capacity, Defendants assert the claim is barred by governmental immunity. To the extent Plaintiff is alleging a cause of action for false imprisonment against Wilson in his individual capacity, Defendants assert there was legal authority for Plaintiff's arrest because it was made pursuant to a warrant.

In response, Plaintiff asserts she explicitly pled a policy of the City, in violation of the Texas Constitution, in prosecuting people for a debt owed the City.

---

[2] Compl. at ¶ 16.

## III. APPLICABLE STANDARD

FED. R. CIV. P. 12(b)(6) authorizes a dismissal of a complaint for "failure to state a claim upon which relief can be granted." A 12(b)(6) motion should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Before dismissal is granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. *Capital Parks, Inc. v. Southeastern Advertising and Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir.1994). A court need not, however, accept as true allegations that are conclusory in nature. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982).

## IV. THE QUALIFIED IMMUNITY FRAMEWORK

Section 1983 provides that any person who, under color of state law, deprives another of "any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. To state a claim under § 1983, Plaintiffs must "(1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffal v. Dallas Ind. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir.1994).

Qualified immunity is a doctrine which serves to shield a governmental official from liability based on the performance of his discretionary functions. *Beltran*, 367 F.3d at 302-03. Generally, governmental officials are immune from civil rights claims brought under 42 U.S.C. § 1983 if "their conduct does not violate clearly established rights of which a reasonable party would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity protects "all but the plainly

incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Once the defendant invokes qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon*, 305 F.3d at 323. At the motion to dismiss stage, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective legal reasonableness.'" *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996).

In determining whether a public official is entitled to qualified immunity, the court must first determine whether the official's conduct violated a right recognized under constitutional law, and whether that right was clearly established at the time of the official's conduct. *Jones v. Collins*, 132 F.3d 1048 (5th Cir.1998). If the court determines that the official's conduct violated a constitutional right that was clearly established at the time of the conduct, the court must then determine whether the official is entitled to immunity because his conduct was objectively reasonable in light of the law at the time of the conduct. *Id.* at 1052.

## V. DUE PROCESS CLAIMS

**A.     Applicable Law**

Municipal liability under § 1983 requires proof of three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 694 (1978). Municipalities are not liable for the constitutional torts of their employees on a *respondeat superior* theory. *Bd. of Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "Municipal liability for § 1983 violations results if a deprivation of constitutional rights was inflicted pursuant to official custom or policy." *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001). While an unconstitutional official policy renders a municipality culpable, "a facially innocuous policy will

5

support liability if it was promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result." *Id.*

In addition to culpability, there must be a direct causal link between the policy and the constitutional deprivation. *City of Canton v. Harris*, 489 U.S. 378 (1989). The policy must be the "moving force" behind the violations. *Monell*, 436 U.S. at 389. Adopting a "deliberate indifference" standard for claims of inadequate training, the Court in *Harris* held that municipal liability may be imposed only when an identified training deficiency is "closely related to the ultimate injury." *Harris*, 489 U.S. at 391. The phrases "direct causal link," "moving force," and "closely related" emphasize that the § 1983 claimant must show the enforcement of a municipal policy or custom was the proximate cause of the plaintiff's injury.

The Supreme Court in *Leatherman* rejected the "heightened pleading standard" for § 1983 claims against municipalities. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 167 (1993)("We think it is impossible to square the 'heightened pleading standard' applied by the Fifth Circuit in this case with the liberal system of 'notice pleading' set up by the Federal Rules."). Therefore, § 1983 claims are governed by the standard of FED. R. CIV. P. 8(a)(2), and Plaintiff need only submit a "short and plain statement of the claim showing the pleader is entitled to relief." *Nebout v. City of Hitchcock, et al.*, 71 F.Supp.2d 702, 704 (S.D.Tex.1999).

However, in *Shultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir.1995), an en banc Fifth Circuit reaffirmed the "heightened pleading standard" for § 1983 claims against individuals. The Supreme Court in *Leatherman* only rejected the heightened pleading for § 1983 claims against municipalities and declined to consider whether "our qualified immunity jurisprudence would require a heightened

pleading in cases involving government officials." *Leatherman*, 507 U.S. at 166-67.

The Fifth Circuit articulated the following pleading rules for § 1983 claims subject to the defense of qualified immunity: (1) Rule 9(b)'s short and plain statement requirement means that the plaintiff must allege more than mere conclusions in the complaint; (2) when qualified immunity is asserted as a defense, the district court under Rule 7 may, in its discretion, order the plaintiff to submit a reply tailored to the immunity defense; and (3) the district court may suspend discovery until the plaintiff's specific factual assertions show that there are material fact issues pertinent to the immunity defense. *Shultea v. Wood*, 47 F.3d 1427 (5th Cir.1995)(en banc).

The Court will not need Plaintiff to file a *Shultea* reply in order to rule on Defendants' motion to dismiss. The Court will first address whether Plaintiff sufficiently alleged a policy, custom, or practice of the City that caused a violation of her civil rights.

**B.     The City**

Paragraphs 10 and 11 of Plaintiff's complaint allege that, *in violation of Article I, § 18 of the Texas Constitution*,[3] the City instituted an unlawful policy to prosecute people with unpaid water bills for criminal theft of services. Paragraph 11 alleges the City's procedure involved the administrator of the water department forwarding to the City Attorney all unpaid water bills and then causing the City to have Lamar County prosecute all unpaid water bills as theft of services regardless of the circumstances.

Defendant asserts it appears Plaintiff is attempting to use § 1983 to pursue a claim based on the Texas Constitution, and claims for violations of state constitutional law are not actionable under

---

[3] Article I, § 18 of the Texas Constitution provides: "No person shall ever be imprisoned for debt."

§ 1983. Although Plaintiff does allege a policy of the City in violation of the Texas Constitution, the Court , accepting all the facts alleged in the complaint as true and viewing them in the light most favorable to Plaintiff,  also finds Plaintiff alleges her due process rights were violated in violation of the Fourteenth Amendment and § 1983.  Plaintiff has alleged (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom as required under § 1983.  *Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 694 (1978).  This portion of Defendants' motion to dismiss is denied.  The Court now considers Plaintiff's allegations against Chief Wilson.

**C.     Chief Wilson**

Public officials are immune from civil rights claims brought under 42 U.S.C. § 1983 if "their conduct does not violate clearly established rights of which a reasonable party would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The defendant has the burden of pleading and proving qualified immunity.  *Harlow*, 457 U.S. at 815.

In determining whether a public official is entitled to qualified immunity, the court must first determine whether the official's conduct violated a right recognized under constitutional law, and whether that right was clearly established at the time of the official's conduct. *Jones v. Collins*, 132 F.3d 1048 (5th Cir.1998).  If the court determines that the official's conduct violated a constitutional right that was clearly established at the time of the conduct, the court must then determine whether the official is entitled to immunity because his conduct was objectively reasonable in light of the law at the time of the conduct.  *Id.*  at 1052.

Violations of the protections against malicious prosecution and false arrest, as guaranteed by

the Fourth Amendment, constitute actionable claims under § 1983. "The right to be free from arrest without probable cause is a clearly established right." *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir.1994). An individual has a right not to be deprived of liberty or property without due process. *Williams v. The City of Luling*, 802 F.Supp. 1518, 1525 (W.D. Tex. 1992). "The fact that a magistrate has issued an arrest warrant does not shield an officer from liability if no reasonable officer would have believed probable cause existed." *Id.*

Next, the Court will consider whether the alleged conduct by Chief Wilson was objectively reasonable at the time of the alleged conduct. *Jones*, 132 F.2d at 1052. "If in the light of pre-existing law, the unlawfulness of the official's action is apparent, the official is not entitled to qualified immunity." *Schmoltze v. County of Berks, et al.*, 2000 WL 62600, *4 (E.D.Pa.2000). The test in determining whether an officer had probable cause to arrest is "if, at the time of the arrest, he had knowledge that would warrant a prudent person's belief that the person arrested had already committed or was committing a crime." *Duckett v. City of Cedar Park*, 950 F.2d 272, 278 (5th Cir.1992).

The essential elements of a false imprisonment claim are (1) willful detention, (2) without consent, and (3) without authority of law. *James v. Brown*, 637 S.W.2d 914, 918 (Tex. 1982). "To ultimately prevail on his section 1983 false arrest/false imprisonment claim, [the plaintiff] must show that [the defendant] did not have probable cause to arrest him." *Haggerty v. Texas Southern Univ.*, 391 F.3d 653, 655 (5th Cir. 2004). Plaintiff was arrested pursuant to a warrant. Defendants assert the warrant is presumed to be valid in form, issued by competent authority on a sufficient complaint. *Tandy Corporation v. McGregor*, 527 S.W.2d 246 (Tex.Civ.App. – Texarkana 1975, writ ref'd n.r.e.).

Plaintiff asserts she turned herself in and was held in jail as a result of Wilson's unlawful creation of the warrant. Plaintiff argues the officer who creates the warrant should know it is unlawful and violates the constitution. In *Tandy*, the plaintiff brought suit against the defendant, seeking a recovery of damages for his having been incarcerated in the Dallas County Jail on a charge of passing a worthless check. *Id.* at 247. The jury found in favor of the plaintiff on his counts of false imprisonment and abuse of process, but found in favor of the defendant on the malicious prosecution count. *Id.* On appeal, the court of appeals reversed the judgment of the trial court and rendered judgment that the plaintiff take nothing. *Id.* at 249. The court of appeals held that the essential evidence lacking on Plaintiff's false imprisonment claim was "a detention without authority of law" because it was undisputed that the plaintiff was detained as a result of a warrant issued for his arrest following his indictment by the Dallas County Grand Jury. *Id.* at 248.

Here, the Court notes that Plaintiff has not had the opportunity to either amend her complaint or to conduct discovery into her allegations of false imprisonment. Viewing in the light most favorable to Plaintiff her allegation that she returned to the City only to "determine why there would be a warrant for her arrest in Lamar County," yet she was arrested and placed in jail without due process, the Court is not convinced, at this time, that Defendants' motion to dismiss should be granted. The Court will allow Plaintiff the opportunity to conduct discovery on her claims. Plaintiff shall replead her false imprisonment claims within ninety days from the date of entry of this Order. In light of the foregoing, it is

**ORDERED** that Defendants' Motion to Dismiss (Docket Entry # 7) be **DENIED WITHOUT PREJUDICE TO REFILING**.

**SIGNED** this 6th day of November, 2007.

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE